STANLEY G. REEDY AND JANET M. REEDY, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Reedy v. Commissioner
Docket No. 14057-79.
United States Tax Court
T.C. Memo 1981-590; 1981 Tax Ct. Memo LEXIS 153; 42 T.C.M. (CCH) 1401; T.C.M. (RIA) 81590; October 13, 1981. Stanley G. Reedy, pro se. Deborah M. Gehring, for the respondent. GOFFE
MEMORANDUM FINDINGS OF FACT AND OPINION GOFFE, Judge: The Commissioner determined a deficiency in petitioners' Federal income tax liability for the taxable year 1977 in the amount of $ 2,632 and an addition to tax in the amount of $ 131.60 under the provisions of section 6653(a) of the Internal Revenue Code of 1954, as amended. [1] Three issues are presented for our decision, namely: (1) whether petitioners should be allowed a deduction of $ 8,095 for "conscientious objection";
*154 (2) whether petitioners should be allowed a charitable contribution deduction of $ 1,310 which was paid by a check drawn on their bank account and mailed to a qualified charity on December 30, 1977, but which check was dishonored by the bank because a levy on the petitioners' bank account by the District Director of Internal Revenue without their knowledge reduced the balance in their account below the amount of the check to the charity; and (3) whether the underpayment of petitioners' income tax, if any, was due to negligence or intentional disregard of rules and regulations. Additional charitable contributions totaling $ 100 were determined by the Commissioner not to be deductible and petitioners do not contest such determination. FINDINGS OF FACT Some of the facts were stipulated. The stipulation of facts and attached exhibits are incorporated by reference. Petitioners are husband and wife. They resided in Elkhart, Indiana, when they filed their petition in this case. They filed a joint Federal income tax return for the taxable year 1977 with the Internal Revenue Service Center at Memphis, Tennessee. Petitioners are active members of the Mennonite Church. It is *155 their religious belief that they should not pay taxes which are used to kill other human beings. Their deduction of $ 8,095 for "conscientious objection" is designed to reflect that belief. On December 30, 1977, petitioners wrote a check on their bank account in the amount of $ 1,310 payable to Southside Fellowship, an organization qualified as a charity under the Internal Revenue Code. They mailed or delivered the check on that date. On January 7, 1978, the Internal Revenue Service prepared a Notice of Levy covering unpaid Federal income taxes and additions to tax for the taxable yars 1973 and 1975, which were assessed in 1976. The Notice of Levy was served on the bank where petitioners maintained their checking account on January 8, 1978, and the bank issued a cashier's check to the Internal Revenue Service on January 11, 1978, in the amount of $ 1,455.76. On the same date, petitioners' check to Southside Fellowship was dishonored by the bank for insufficient funds and on that date the bank sent petitioners a return check notice, advising them that the check was dishonored. When petitioners issued the check to Southside Fellowship they believed that they had sufficient *156 funds in their account to pay the check. On January 16, 1978, petitioners transferred $ 1,025 from their savings account to their checking account. On January 17, 1978, the bank honored and paid petitioners' check to Southside Fellowship. On their joint Federal income tax return for the taxable year 1977 petitioners claimed as a miscellaneous deduction $ 8,094.62 described on the return as "conscientious objection." They claimed cash charitable contributions aggregating $ 8,898.88 which included the $ 1,310 check to Southside Fellowship. The Commissioner, in the statutory notice of deficiency he mailed to petitioners, determined that the deduction claimed for conscientious objection was not paid and that if paid, it did not qualify as a deduction. He determined further that the charitable contribution of $ 1,310 was not paid during the taxable year. He also determined that petitioners were liable for the addition to tax under the provisions of section 6653(a) because the underpayment of tax was due to neglect or intentional disregard of rules and regulations. ULTIMATE FINDINGS OF FACT Petitioners did not pay any part of the $ 8,095 for "conscientious objection" during the *157 taxable year 1977. Petitioners "made" a contribution to a qualified charity during the taxable year 1977. Petitioners' underpayment of income tax for the taxable year 1977 was due to intentional disregard of the rules and regulations. OPINION Petitioners claimed a deduction on their return for 1977 in the amount of $ 8,094.62 which they identified as "conscientious objection." The Commissioner determined that it was not paid but, if paid, it was not allowable because it did not qualify as a deduction under the Internal Revenue Code. The burden of proof is on petitioners to establish that the determination of the Commissioner is erroneous. Welch v. Helvering, 290 U.S. 111 (1933). Petitioners offered no proof that the $ 8,094.62 was paid. They have failed in their burden of proof and the Commissioner is sustained. Moreover, such a deduction is not otherwise allowable. Muste v. Commissioner, 35 T.C. 913 (1961); Russell v. Commissioner, 60 T.C. 942 (1973). Petitioners wrote and mailed a check to a qualified charity on December 30, 1977. The check was dishonored by the bank on which it was drawn on January 11, 1978, because, *158 on that date, the bank satisfied a levy by the Internal Revenue Service, which rendered the balance in petitioners' checking account insufficient to pay the check to the charity. Upon being notified that the check to the charity was dishonored, petitioners promptly transferred sufficient funds from their savings account to their checking account and the check was paid by the bank on January 17, 1978. The Commissioner disallowed the charitable contribution deduction because there was no payment of the contribution in 1977. A contribution to a qualified charity is deductible if actually "made" during the taxable year. Sec. 170(a)(1). The contribution is ordinarily considered "made" in the taxable year if the unconditional delivery or mailing of a check is followed by the check clearing the bank account in due course. Sec. 1.170A-1(b), Income Tax Regs.
We have found no authority precisely in point. The general rule is stated in the regulations quoted above and is grounded in Estate of Spiegel v. Commissioner, 12 T.C. 524 (1949).The Commissioner issued Rev. Rul. 54-465, C.B. 1954-2, 93 in which he held that a charitable contribution made by check *159 which is delivered in one taxable year is deductible in that year if "the check is honored and paid." If the check is not paid in the ordinary course of business or at least delivered to the payee without restriction, the general rule is inapplicable and will not constitute payment until actually paid. [2] If the taxpayer does not "make good" on a dishonored check, the deduction is not allowable. [3]
As indicated above, the regulations require that the check must clear the bank account in due course. Although the delay here was one of the taxpayers' own making and we do not condone the practice of a taxpayer delaying the payment of taxes due and owing the government which requires a levy on his bank account, the fact remains that the check issued for the charitable contribution would have promptly cleared the bank account if the levy had not intervened. At the time petitioners issued the check, they had every reason to believe that it would be paid when presented to the bank for payment. When the bank notified *160 petitioners that the check was dishonored, they promptly transferred sufficient funds to the checking account and the check was promptly paid. Petitioners adequatey explained the delay in payment of the check. [4] The check was paid by the bank on January 17, 1978. Given the peculiar facts of this case, we hold for petitioners. In so doing, we do not lay down any general rule as to dishonored checks or establish any time period within which a check must be honored for payment in order to relate back to, and thus constitute payment as of, its issue date. We merely conclude that the facts in this case justify holding for petitioners within the language of the regulations, existing case law, and the spirit of the ruling which the Commissioner has issued for guidance to other taxpayers. Petitioners offered no evidence upon which we might find that the underpayment of tax was not due to their negligence of intentional disregard of rules and regulations. In view of their failure of proof, we hold that the underpayment of tax was due to intentional disregard of the rules and regulations. *161 Decision will be entered under Rule 155. Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended.↩
2. Walt Wilger Tire Co., Inc. v. Commissioner, T.C. Memo. 1979-66↩.
3. Springfield Productions v. Commissioner, T.C. Memo. 1979-23↩.
4. Cf. Cain-White & Co., Inc. v. Commissioner, T.C. Memo. 1978-438↩.